UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREGORY L. SOLLY,

      **Plaintiff,**

      v.                                   Civil Action 2:15-cv-956
                                              Judge Algenon L. Marbley
                                              Magistrate Judge Elizabeth Preston Deavers

CYNTHIA MAUSSER, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Gregory L. Solly, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief against Gary Mohr, Director of the Ohio Department of Rehabilitation and Corrections; Cynthia Mausser, Chairperson of the Ohio Adult Parole Board ("OAPB"); six John and Jane Doe OAPB members; the Quality Assurance Committee; and the Central Office Board of Review. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process claims and claims premised upon the doctrine of separation of powers and permit him to proceed on his equal protection and retaliation claims.

## I.

Plaintiff is a state inmate serving an indeterminate sentence of fifteen years to life for murder. According to the Complaint, on August 8, 2013, OAPB members conducted a parole hearing. Plaintiff alleges that during the forty-five minute parole interview, OAPB members asked him a variety of questions relating to the circumstances surrounding the crime for which he was convicted and also a number of questions concerning the civil suit he had filed in 1994. He also alleges that OAPB members made a number of comments that reflected that they were relying on false information and denying him a meaningful and fair parole hearing. Plaintiff further alleges that during the hearing and in subsequent correspondence, he inquired as to why African Americans with similar crimes and prison records were granted parole at higher ratios than Caucasian Americans, but that Defendants refused to respond.

Plaintiff was denied parole, with his next parole hearing continued for ten years. He alleges that Defendants abused their discretion in denying his parole because they relied upon false information, retaliated against him for filing a civil suit, and applied stricter standards because he was Caucasian. He asserts retaliation, equal protection, and due process claims. He also appears to allege that Defendants' actions give rise to a separation of powers claim. Plaintiff seeks declaratory and injunctive relief.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

---

[2] Formerly 28 U.S.C. § 1915(d).

3

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

**A.    Due Process Claim**

The Undersigned finds that Plaintiff has failed to allege a colorable due process claim. "A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F.App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Thus, because Plaintiff seeks to establish a due process violation relating to Defendants' consideration of his parole eligibility, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the

4

federal constitution."). "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). Because Ohio law does not create a liberty interest in parole, Plaintiff is unable to state a viable § 1983 due process claim challenging Defendants' eligibility determination. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process claim pursuant to § 1915(e)(2)(B).

**B.     Separation of Powers Claim**

In his Complaint, Plaintiff states that he is alleging "a violation of the Separation of Powers in violation of the Fourteenth Amendment to the United States Constitution." (Compl. 5, ECF No. 3.) He does not advance any allegations in support of this claim or even mention it again until the Section of his Complaint he titles "Relief Requested," where he seeks declaratory relief that Defendants violated "a separation of powers . . . ." (*Id*. at 12.)

As set forth above, such "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Regardless, no such federal claim exists because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim under doctrine of separation of powers presents an issue of state law that was not subject to federal habeas review); *McKitrick v. Smith*, No. 3:08–CV–597, 2009 WL 1067321, at *9 n.4 (N.D. Ohio Apr. 21, 2009) ("The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights guaranteed a state's citizens, is a matter for the

individual states."). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal separation of powers claim pursuant to § 1915(e)(2)(B).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process claims and claims premised upon the doctrine of separation of powers pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and permit him to proceed on his equal protection and retaliation claims. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  April 13, 2015                                          /s/ *Elizabeth A. Preston Deavers*
                                                                               Elizabeth A. Preston Deavers
                                                                               United States Magistrate Judge