**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY L. SOLLY** | : | |
| | : | Case No. 2:15-CV-956 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| **CYNTHIA MAUSSER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation. (Doc. 4.) The Magistrate Judge recommends that this Court dismiss Plaintiff's due process claims and claims premised upon the doctrine of separation of powers and permit him to proceed on his equal protection and retaliation claims. Plaintiff objected to the Report and Recommendation. (Doc. 7.) Upon independent review, the Court hereby **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plainitff's due-process and separation-of-powers claims are **DISMISSED**.

**I.     BACKGROUND**

Plaintiff Gregory L. Solly, an Ohio state inmate who is proceeding pro se, filed this civil-rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against Cynthia Mausser, Chairperson of the Ohio Adult Parole Board ("OAPB"); Gary Mohr, Director of the Ohio Department of Rehabilitation and Corrections; six John and Jane Doe OAPB members and/or hearing officers; the Quality Assurance Committee; and the Central Office Board of Review ("COBR"). (Compl., Doc. 3 at 5-6.)

1

Plaintiff is incarcerated at the Allen/Oakwood Correctional Institution, located in Lima, Ohio. (*Id.* at 5.) He is serving a sentence of 15 years to life for second-degree murder. (*Id.* at 7.) On August 8, 2013, the OAPB conducted a parole review hearing for Plaintiff. (*Id.* at 6.) During the 45-minute hearing, the hearing officers questioned Plaintiff about the circumstances of his crime and his prison record. (*Id.*) Plaintiff alleges that one of the hearing officers told him that he would never be granted parole and would spend the rest of his life in prison. (*Id.* at 7.) An officer also questioned Plaintiff about an autopsy report of his victim; Plaintiff contends that this line of questioning was intended to demean and verbally abuse him. (*Id.* at 11.) Plaintiff also argues that a hearing officer relied upon false information in the proceeding to deny parole without affording Plaintiff the opportunity to submit documents that would refute the false information. (*Id.* at 11-12.)

At one point during the hearing, Plaintiff asked one of the hearing officers why African American inmates convicted of similar crimes are granted parole at a higher ratio than white Americans. (*Id.* at 7.) The hearing officers "inferred that more blacks than whites enter prison, and they parole whom they will." (*Id.*) One of the hearing officers also asked Plaintiff about the federal suit he had filed in 1994. (*Id.* at 7-8.) Plaintiff also told the hearing officers that he had been wrongfully questioned about the 1993 suit in two prior parole hearings. (*Id.* at 8.)

After a 20-minute break, the hearing officers informed Plaintiff that he would receive the parole decision by mail. (*Id.* at 9.) On October 1, 2013, Plaintiff was notified that the OAPB had denied his parole request and that he would not receive further consideration for parole for 10 more years. (*Id.*) Plaintiff subsequently mailed a letter to COBR inquiring why he would have to wait for 10 years for his next hearing. (*Id.*) He also filed a number of grievances with the Ohio Adult Parole Authority ("OAPA") alleging that he was deliberately targeted for being

white and denied a meaningful parole hearing, and that the OAPA had violated the separation of powers.  (*Id.* at 10.)  He received no responses to his inquiry or his grievances.  (*Id.*)

Plaintiff asserts four claims: (1) Defendants retaliated against him for filing a 1994 federal civil-rights suit alleging violations of his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution; (2) Defendants discriminated against him on the basis of his race in denying parole to whites at higher rates than to African Americans in order to maintain racial balance in prison, in violation of his Eighth and Fourteenth Amendment rights; (3) Defendants denied him a meaningful parole hearing by deliberately targeting a specific group of inmates for more severe punishment than other inmates with similar crimes and sentences, in violation of his Eighth and Fourteenth Amendment rights; and (4) prison officials committed a violation of the separation of powers in violation of the Fourteenth Amendment.  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).  Nevertheless, the objections of a petitioner appearing pro se will be

3

construed liberally and held to less stringent standards than documents drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted."  In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of Rule 8 is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, a complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Id.* at 679.  A *pro se* civil rights complaint should be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

4

### III.     ANALYSIS

#### A.  Due Process

In order to prevail on a § 1983 claim for a violation of procedural due process under the Fourteenth Amendment, a claimant must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law.  *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  A two-step inquiry is required in the procedural due process analysis.  The Court must determine "whether there exists a liberty or property interest of which a person has been deprived, and if so . . . whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011.

If a state statute vests complete discretion in the parole board to determine eligibility for parole, no liberty interest exists.  *See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 464-65 (1989); *see also Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 569-70 (6th Cir. 2012) (holding that because Ohio has a completely discretionary parole system, Ohio law creates no protected liberty interest in release from parole).

Although inmates have no liberty interest in parole, the Ohio Supreme Court has held that inmates have a right to accurate parole records.  *State ex rel. Keith v. Ohio Adult Parole Auth.*, 24 N.E.3d 1132, 1137 (Ohio 2014) ("[I]n any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.").  Therefore, "knowing reliance on false information in a parolee's file, which the Parole Authority has no discretion to do under state law, can constitute a due process violation." *Kinney v. Mohr*, No. 2:13-CV-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015) (citing *Keith*, 24 N.E.3d at 1137 and Ohio Rev. Code § 2967.03).  But although Plaintiff alleges that Defendants relied on false information in denying him a meaningful parole hearing, he does not

5

describe the nature of the false information or how it was used against him.  Such a "naked assertion[] devoid of further factual enhancement" is insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted); *see also Jergens*, 492 F. App'x at 571 n.5 (noting that a parole board's reliance on false information in the parole file could constitute a due-process violation but holding that "in this case, [the plaintiff's] nonspecific allegations of falsity simply fail to make out such a claim").

In his Objection, Plaintiff cites *Wilkinson v. Dotson*, in which the Supreme Court held that constitutional challenges to parole-board procedures are cognizable under § 1983 as long as the action's success is not dependent on demonstrating the invalidity of confinement.  544 U.S. 74, 81-82 (2005).  But Plaintiff has not asserted that "OAPA's actions were grounded in constitutionally impermissible considerations."  *Jergens*, 492 F. App'x at 571 n.5.  Therefore, *Dotson* is not controlling here.  Plaintiff fails to state a colorable due-process claim under § 1983.

The Court **DISMISSES** Plaintiff's due process claim pursuant to § 1915(e)(2)(B).

### B.  Separation of Powers

In his complaint, Plaintiff alleges a "violation of the Separation of Powers in violation of the Fourteenth Amendment to the United States Constitution" (Doc. 3 at 5) but he fails to offer any support for this claim beyond a suggestion, reiterated in his Objection, that the granting of parole violates the separation of powers when a judge has ordered an inmate to serve life in prison without the possibility of parole, or a governor has commuted a death sentence to a sentence of life imprisonment without the possibility of parole.  (Doc. 7 at 3.)  In any event, a separation-of-powers claim is not cognizable in federal court because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States."  *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *see also McKitrick v. Smith*, No. 3:08-CV-597,

6

2009 WL 1067321, at *19 n.4 (N.D. Ohio Apr. 21, 2009) ("[A]rguments about the structure of a state's governance are matters for the individual states, not for the federal government. The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government."). Therefore, Plaintiff cannot state a § 1983 claim against Defendants for a violation of the separation of powers. The Court **DISMISSES** Plaintiff's separation-of-powers claim pursuant to § 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's due-process and separation-of-powers claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

                                              _s/ Algenon L. Marbley_
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: November 6, 2015**