IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY L. SOLLY** | : | |
| | : | Case No. 2:15-CV-956 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| **CYNTHIA MAUSSER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff Gregory L. Solly's Motion for Reconsideration (Doc. 13) of the Court's Order dismissing his due-process and separation-of-powers claims and allowing his retaliation and equal-protection claims to proceed. (Doc. 10.) The Court hereby **DENIES** Plaintiff's Motion for Reconsideration.

**I.     BACKGROUND**

Plaintiff Gregory L. Solly, an Ohio state inmate who is proceeding pro se, filed this civil-rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against Defendants. (Compl., Doc. 3 at 5-6.) Plaintiff asserted four causes of action: (1) Defendants retaliated against him for filing a 1994 federal civil-rights suit alleging violations of his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution; (2) Defendants discriminated against him on the basis of his race in denying parole to whites at higher rates than to African Americans in order to maintain racial balance in prison, in violation of his Eighth and Fourteenth Amendment rights; (3) Defendants denied him a meaningful parole hearing by deliberately targeting a specific group of inmates for more severe punishment than other inmates with similar crimes and sentences, in violation of his Eighth and Fourteenth

1

Amendment rights; and (4) prison officials committed a violation of the separation of powers in violation of the Fourteenth Amendment.  (*Id.* at 5.)

On November 6, 2015, this Court issued an Order dismissing Plaintiff's due-process and separation-of-powers claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff now asks the Court to reconsider its prior decision dismissing the due-process claim.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a Court will reconsider its own prior decision "if the moving party demonstrates:  (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law."  *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).  A judgment also may be altered or amended when necessary "to prevent manifest injustice."  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  A motion under Rule 59(e), however, is "not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Such a motion is not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier.  *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio Mar. 15, 2006).

Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim.  *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).  A court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful.  *See Render v. Forest Park Police Dept.*, No. 1:07-CV-489, 2009 WL 2168783 (S.D.

Ohio July 16, 2009).  Finally, the grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

### III.   ANALYSIS

Plaintiff contends that he complied with the instructions in the form provided to inmates who wished to file claims under 42 U.S.C. § 1983, and that attempted to "state briefly" the events constituting violations of his rights.  (Doc. 13 at 2.)  He states that if this form had instructed him to add specific details and supporting documents regarding the incidents in question, he would have been able to state a claim for relief.  (*Id.*)  He asks this Court to allow him to submit additional evidence or to instruct the Magistrate Judge to allow the same.  (*Id.* at 3-4.)  Plaintiff does not, however, indicate what specific facts he would allege or documentary evidence he would submit that would allow him to state a plausible claim that his due-process rights were violated.

This Court dismissed Plaintiff's due-process claim because although Plaintiff alleged that Defendants relied on false information in denying him a meaningful parole hearing, he did not describe the nature of the false information or how it was used against him.  Plaintiff fails to set forth any error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice that would necessitate reconsideration of the Court's prior Order.  *See Owner-Operator Indep. Drivers Ass'n*, 288 F. Supp. 2d at 900; *GenCorp.*, 178 F.3d at 834.  Moreover, the Court is unable to identify any "unique circumstances" in this case such that manifest injustice would result without reconsideration.  *See McWhorter*, 2006 WL 3483964, at *2.

3

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration of its November 6, 2015 Order dismissing Plaintiff's due-process and separation-of-powers claims.

**IT IS SO ORDERED.**

                                           **s/ Algenon L. Marbley**
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**DATED: January 7, 2016**