IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY L. SOLLY,**

      **Plaintiff,**

                                      Case No. 2:15-cv-956
                                      Judge Algenon L. Marbley
     v.                                 Magistrate Judge Elizabeth P. Deavers

**CYNTHIA MAUSSER,**
*et al.*,

      **Defendants.**

## OPINION AND ORDER

Plaintiff, Gregory L. Solly, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). This matter is before the Court for consideration of Plaintiff's Second Motion to Compel (ECF No. 50) and Defendants' Motion to Withdraw Admissions (ECF No. 60). For the reasons that follow, Plaintiff's Second Motion to Compel is **DENIED** and Defendants' Motion to Withdraw Admissions is **GRANTED**.

**I.**

In his Motion, Plaintiff seeks an Order compelling Defendants to respond to certain requests contained in his Second Request to Produce, dated August 2, 2016; his Fourth Request to Produce, dated September 12, 2016. He also seeks an Order compelling Defendants to answer his Request for Admissions, dated August 2, 2016, or, in the alternative, seeks an Order stating that all matters in the Request for Admissions be deemed admitted. In support, Plaintiff attaches

his Affidavit (ECF No. 50 at PAGEID ## 405–06), the Second Request to Produce, the Fourth Request to Produce, and the Request for Admissions (ECF Nos. 50-1–50-16). Plaintiff also includes a certification that he has attempted to confer in good faith with Defendants regarding the discovery requests at issue before filing his discovery motion. (ECF No. 50 at PAGEID # 453.) In his Affidavit, Plaintiff states that Defendants responded to his First Request to Produce, dated May 4, 2016, but that Defendants refused to produce certain documents. (*Id*. at PAGEID ## 405–06, ¶¶ 5–12.) After reviewing the relevant filings, the Court understands that the Second Request to Produce repeats request Nos. 5–17, 19, and 20, from the First Request to Produce, and contains an additional request. (*Id*.; ECF No. 50-16 at 1 (copy of Second Request to Produce).)

In their Memorandum in Opposition, Defendants contend that their responses to the different Requests to Produce are sufficient. (ECF No. 54.) Defendants concede that their answers to the Request for Admissions were untimely, but argue that the Court should withdraw any admissions deemed admitted. (*Id*.) Defendants further represent that they intend to file a Motion to Withdraw Admissions (*id*.), which was subsequently filed (ECF No. 60). Plaintiff has not responded to the Motion to Withdraw Admissions and did not file a reply memorandum in support of his Second Motion to Compel.

## II.

### A. Standard for Motion to Compel

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or

2

attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to filing a discovery motion has been satisfied.

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010)). A party responding to a discovery request does not have a duty to create documents that do not exist simply to comply with that request. *See Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) (collecting cases establishing that "[p]arties have no duty to create documents simply to comply with another party's discovery request."); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10–cv–822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have.").

Plaintiff challenges the sufficiency of Defendants' responses to several of his written discovery requests. The Court considers the disputed requests in turn.

**B.     Second Request to Produce**

Although Plaintiff filed his Second Request to Produce on August 8, 2016 (ECF No. 47), Defendants represent that they have no record of Plaintiff serving his Second Request for Production of Documents on them on or around August 2, 2016, as represented by Plaintiff. (ECF No. 54 at 2.) Nevertheless, Defendants served responses to the Second Request to Produce. (*Id.*)

As previously discussed, the Second Request to Produce has two components: repeating request Nos. 5–17, 19, and 20, which were set forth in his First Request to Produce, and seeking a digital copy of his parole hearing in August 2013. (ECF No. 50-16 at 1.) As it relates to the first component, Plaintiff, however, has not submitted copies of the First Request to Produce or Defendants' responses to those requests. Based on this record, the Court is unable to evaluate the propriety of specific document requests or the sufficiency of Defendants' responses. Accordingly, as it relates to Requests to Produce Nos. 5–17, 19, and 20, Plaintiff's Motion to Compel is not well taken. *See Clifford v. Church Mut. Ins. Co.*, No. 2:13–cv–853, 2014 WL 5383929, at *7 (S.D. Ohio Oct. 21, 2014) (denying motion to compel where, *inter alia*, the moving parties failed, among other things, to attach allegedly deficient discovery responses and stating that "plaintiffs apparently expect this Court to accept as true their assertion that defendant's response to the disputed discovery requests was inadequate and/or to otherwise sift through the parties' correspondence to [determine the sufficiency of the discovery responses]"); *see also Parks, LLC v. Tyson Foods, Inc.*, No. 5:15–cv–00946, 2015 WL 5042918, at *7 (E.D. Pa. Aug. 26, 2015) ("To enable the Court to assess that motion [to compel], the party must inform the Court of the result of this [discovery] process: the Court must know which request is at issue, how the response to that request is allegedly deficient, and why the producing party's response runs afoul of the discovery rules.").

In addition, the Court notes that Defendants represent in their Response in Opposition to the Motion to Compel that they previously advised Plaintiff that the documents requested in Nos. 10, 11, 12, 13, 14, 15, 16, and 17, do not exist. (ECF No. 54 at 3.) Nothing in the present record suggests that the Court should doubt this representation. As set forth above, Defendants do not have a duty to create documents that do not exist simply to comply with a discovery request.

The Court, therefore, cannot compel Defendants to produce documents that do not exist. *Miller*, 2014 WL 5513477, at *2; *see also Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."). The Motion to Compel as to Nos. 10, 11, 12, 13, 14, 15, 16, and 17, is therefore not well taken for this additional reason.

As to the second component of the Second Request to Produce, Plaintiff seeks "a copy of the 'digitally recorded Tele-Conference' of Plaintiff's August 2013 Parole Hearing." (ECF No. 50-16 at 1.) Again, Plaintiff fails to submit a copy of Defendants' response to this request and is therefore deficient for the reasons previously discussed. The Court also notes that Defendants represent that they previously denied Plaintiff's request because a digital recording did not exist. (ECF No. 54 at 3.)[1] Plaintiff has presented nothing to contradict Defendants' representation. As set forth above, the Court cannot compel what does not exist. *See Miller*, 2014 WL 5513477, at *2; *Tolliver*, 2008 WL 4951792, at * 2. For these reasons, as it relates to the Second Request to Produce, the Motion to Compel is **DENIED**.

**C.     Fourth Request to Produce**

Plaintiff's Fourth Request to Produce seeks the dates of thirty non-party inmates' Parole Board hearing(s) and the results of those inmates' hearings (whether released on parole or denied suitability for release on parole). (ECF No. 50-15.) As with the Second Request to Produce, however, Plaintiff failed to provide a copy of Defendants' responses, rendering the Motion to Compel as to the Fourth Request to Produce deficient. Nevertheless, the Court finds that sufficient information exists in the record for the Court consider the sufficiency of Defendants' responses. Defendants explain that to the extent that they were able to locate the requested

---

[1] Defendants represent that they previously produced written minutes of Plaintiff's August 8, 2013, parole hearing and his September 13, COBR hearing. *Id.*

information from ODRC's Offender Search publicly available website, they produced to Plaintiff responsive redacted records after he filed the Motion to Compel. (ECF No. 54 at 4–5.) Plaintiff did not file a reply memorandum to advise the Court that Defendants' response in this regard was deficient. Based on the present record, it therefore appears that Plaintiff's Fourth Request to Produce has been resolved. Accordingly, as it relates to this document request, the Motion to Compel is **DENIED AS MOOT**.

**D.     Requests for Admissions**

Plaintiff seeks an Order compelling Defendants to answer his Request for Admissions, dated August 2, 2016, or, in the alternative, seeks an Order stating that all matters in the Request for Admissions be deemed admitted. (ECF No. 50 at 1.) Defendants counter that the Motion to Compel such answers has been rendered moot by service of their responses to the Request for Admissions on Plaintiff. (ECF No. 54 at 5.) Plaintiff has not filed a reply memorandum to contest this assertion. Accordingly, Plaintiff's request for an Order compelling Defendants' to answer his Request for Admissions is **DENIED AS MOOT**.

**III.**

Defendants move for an Order denying Plaintiff's request to have the matters in his Request for Admissions deemed admitted, or, if already deemed admitted by default, Defendants seek an order withdrawing those admissions. (ECF No. 60.) Plaintiff has not responded to Defendants' Motion.

**A.     Standard**

"A matter is [deemed] admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

6

Accordingly, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *but see U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted" where answers to requests for admissions were filed three days beyond the 30-day period prescribed by Rule 36(a)(3)).

Rule 36 further provides that a court may allow a party to withdraw or amend an admission if two conditions are met:

> Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

"A district court has considerable discretion over whether to permit withdrawal or amendment of admissions" under Rule 36(b). *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (internal quotation marks and citations omitted). As to the first prong of Rule 36(b), withdrawal or amendment would promote the presentation of an action's merits "'when upholding the admission would practically eliminate any presentation on the merits of the case." *Clark v. Johnston*, 413 F. App'x 804, 818 (6th Cir. 2011) (quoting *Riley v. Kurtz*, 194 F.3d 1313, *3 (6th Cir. 1999)). As to the second prong, "'[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.'" *Kerry Steel*, 106 F.3d at 154 (quoting *Brook Village North Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "Prejudice under Rule 36(b), rather, 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Id.* (quoting *Am. Auto. Ass'n v. AAA Legal Clinic*

7

*of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

**B.	Application**

Here, Defendants concede that they served their answers to the Request for Admissions between forty and seventy days late. (ECF No. 60 at 4.) However, Defendants contend that their counsel missed the initial response deadline due to excusable neglect, suggesting that this and certain factors exist that preclude the Court from automatically deeming the requests admitted. (*Id*. at 5–7.) Defendants go on to argue that even if the matters were deemed admitted, they meet the test under Rule 36(b) and ask the Court to withdraw any admissions. (*Id*. at 8–12.)

Assuming that the matters set forth in Plaintiff's Request for Admissions are deemed admitted, the Court concludes that its discretion is best exercised in permitting the withdrawal of the admissions. First, Defendants have served answers to the Request for Admissions, which facilitates resolution of the case on its merits. For example, Defendants represent that they have denied certain matters in the requests, which, if deemed admitted, would mislead the Court or fact-finder. (ECF No. 60 at 8–9.) In light of the preference to resolve cases on their merits, the Court finds that Defendants have satisfied the first prong under Rule 36(b). *See Lanton v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-372, 2017 WL 1386375, at *4 (S.D. Ohio Apr. 27, 2017) ("Given the Court's strong preference for resolving cases on their merits, . . . the Court concludes that Plaintiffs have met their burden for the first prong of Rule 36(b)." (internal citation omitted)).

Second, Plaintiff has not responded to Defendants' Motion to Withdraw and therefore has not articulated any special difficulty presented by the withdrawal of any admission. *See Kerry Steel*, 106 F.3d at 154. Moreover, it is not immediately apparent to the Court that Plaintiff will suffer any special prejudice if the Court withdraws Defendants' admissions. While Plaintiff may

have relied on Defendants' admissions in opposing Defendants' Motion for Summary Judgment (ECF No. 73), "[c]ourts have specifically concluded that the preparation of a summary judgment [brief] in reliance upon default admissions does not constitute prejudice under Rule 36(b)." *Prof'l Investigating & Consulting Agency, Inc. v. Suzuki*, No. 2:11–cv–01025, 2015 WL 1120012, at *6 (S.D. Ohio Mar. 12, 2015) (citations omitted). Under these circumstances, the Court concludes that withdrawal will not prejudice Plaintiff within the meaning of Rule 36(b). *Id*. Accordingly, Defendants' Motion to Withdraw Admissions is **GRANTED**.

### IV.

For the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 50) is **DENIED** and Defendants' Motion to Withdraw Admissions (ECF No. 60) is **GRANTED**, consistent with the foregoing.

**IT IS SO ORDERED.**

Date: September 27, 2017　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE